## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOHN REEVES                                 :
1124 Dorset Drive                           :     **CIVIL ACTION**
Bushkill, PA 18324                          :
                                            :
            Plaintiff,                      :
      v.                                    :     **No.:**
                                            :
TRESCAL, INC.                               :
2 Mars Court Ct.                            :
Boonton, NJ 07005                           :     **JURY TRIAL DEMANDED**
                                            :
            Defendant.                      :
                                            :

### CIVIL ACTION COMPLAINT

Plaintiff, John Reeves (*hereinafter* referred to as "Plaintiff"), by and through his undersigned counsel, hereby avers as follows:

### INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Trescal, Inc. (*hereinafter* "Defendant") of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201 *et. seq*.), the New Jersey Wage and Hour Law ("NJ WHL" – N.J.S.A. §§ 34:11-56a *et seq*.), the New Jersey Wage Payment Law ("NJ WPL" - N.J.S.A. §§ 34:11-4.1 *et seq*.), and the New Jersey Conscientious Employee Protection Act ("CEPA" – N.J.S.A. 34:19-1 *et. seq*.). Plaintiff was not properly paid overtime wages mandated by state and federal law(s) and was retaliated against for having complained of same. As a direct consequence of Defendant's unlawful actions, Plaintiff seeks damages as set forth herein.

### JURISDICTION AND VENUE

2.      This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has

supplemental jurisdiction over Plaintiff's state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3.      This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington,* 326 U.S. 310 (1945), and its progeny.

4.      Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## PARTIES

5.      The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6.      Plaintiff is an adult individual, with an address as set forth in the caption.

7.      Defendant Trescal, Inc. provides metrology and measurement equipment calibration and repair services, offering acoustics, dimensional, electronics, passive devices, pressures, thermometry, torque, and vibration services, with facilities in several states throughout the United States (including New Jersey).  Plaintiff was hired through and worked at Defendant's Boonton, New Jersey facility at the address set forth in the caption.

8.      At all times relevant herein, Defendant acted by and through its agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

## FACTUAL BACKGROUND

9.      The foregoing paragraphs are incorporated herein as if set forth in full.

10.     Plaintiff was initially hired by Defendant in or about May of 2017 as a calibration technician.  Plaintiff was promoted to calibration lab manager in August of 2017; and in total, Plaintiff was employed by Defendant for approximately 19 months – until on or about December 21, 2018.

11.     At all times relevant during Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee who was paid an hourly rate of $38.00 per hour.

12.     During his tenure with Defendant, Plaintiff was primarily supervised by directors, Tom Efaw (*hereinafter* "Efaw") and Otto Revak (*hereinafter* "Revak").

13.     Upon Plaintiff's information and belief, he was hired to "turn around" and improve Defendant's calibration lab located in Boonton, New Jersey.

14.     From the outset of Plaintiff's employment with Defendant, Plaintiff informed Defendant's management that he would be unable to improve the calibration lab and its functions to Defendant's satisfaction unless he worked several hours of overtime.

15.     Throughout his tenure with Defendant, Plaintiff consistently worked between 5-30 hours of overtime per week in order to complete his job duties.

16.     For the workweeks that Plaintiff worked overtime (as discussed *supra*), Defendant failed to pay Plaintiff at a rate of time-and-one-half for all hours worked beyond 40 hours in one week.  For example, but not intended to be an exhaustive list:

a.      Plaintiff's paystub for the weeks of June 1, 2017 through June 15, 2017 reflects that Plaintiff was paid for 103 hours at his base rate of $38.00 per hour and 9

hours at Plaintiff's overtime/time-and-a-half rate of $57.00 per hour (*see* copies of all paystubs as discussed *infra* attached hereto as "Exhibit A");

b.   Plaintiff's paystub for the weeks of August 1, 2017 through August 15, 2017 reflects that Plaintiff was paid for 95 hours at his base rate of $38.00 per hour and 40 hours at Plaintiff's overtime/time-and-a-half rate of $57.00 per hour;

c.   Plaintiff's paystub for the weeks of October 16, 2017 through October 31, 2017 reflects that Plaintiff was paid for 105.25 hours at his base rate of $38.00 per hour and 40.40 hours at Plaintiff's overtime/time-and-a-half rate of $57.00 per hour;

d.   Plaintiff's paystub for the weeks of April 16, 2018 through April 30, 2018 reflects that Plaintiff was paid for 92 hours at his base rate of $38.00 per hour and 20.52 hours at Plaintiff's time-and-a-half rate of $57.00;

e.   Plaintiff's paystub for the weeks of May 16, 2018 through May 31, 2018 reflects that Plaintiff was paid for 100 hours at his base rate of $38.00 per hour and 10 hours at his overtime/time-and-a-half rate of $57.00 per hour; and

f.   Plaintiff's paystub for the weeks of November 1, 2018 through November 15, 2018 reflects that Plaintiff was paid for 98.50 hours at his base rate of $38.00 per hour and 10.57 hours at his overtime/time-and-a-half rate of $57.00 per hour.

17.   In addition to not paying Plaintiff for all hours that he worked in excess of 40 hours per week, Defendant's management, on several occasions, also willfully and manually reduced the hours of overtime reported on Plaintiff's paychecks to avoid state and federal wage and hour obligations.   As a result, Plaintiff was not paid his base rate or his overtime rate of time-and-one-half for any of these hours.

4

18.     All of Defendant's actions as aforesaid are without question willful, intentional and in blatant disregard for state and federal laws, as evidenced by:

  a. Defendant willfully and manually reducing the hours of overtime reported on several of Plaintiff's paychecks to avoid state and federal wage and hour obligations;

  b. Defendant failing to pay Plaintiff overtime compensation for <u>all hours</u> that he worked in excess of 40 hours per week; and

  c. Defendant's refusal to rectify its illegal pay practices (despite Plaintiff's consistent complaints about same – discussed further *infra*) and instead continuing to perpetuate its non-payment of state and federally-mandated compensation.

19.     While employed with Defendant, Plaintiff consistently complained to Defendant's management, including Senior Human Resources Director, Rosana Bolduc (*hereinafter* "Bolduc") about their aforesaid illegal pay practices, including but not limited to their failure to pay him overtime for all hours worked in excess of 40 hours per week.

20.     In response to Plaintiff's complaints that Defendant failed to properly pay him for all hours worked in excess of 40 hours per week, Bolduc told Plaintiff that he needed to inform Defendant's management that he was working overtime. Plaintiff responded that "Revak knows but is changing my hours." Bolduc replied that it was Plaintiff's responsibility to make sure his hours were correct.

21.     Following Plaintiff's expressed concerns regarding Defendant's clear overtime violations, Defendant began to subject Plaintiff to retaliatory harassment, including but not limited to making abusive and hostile criminal threats against Plaintiff.

22.     Due to Defendant's abusive and hostile criminal threats following Plaintiff's complaints of Defendant's overtime violations, Plaintiff expressed a willingness and openness to compromise if fully compensated for the overtime hours owed to him.  Therefore, on or about December 21, 2018, as part of said compromise and solely for the purpose of a full and final settlement of his wage and hour claims, Plaintiff texted Bolduc that he was willing to resign from his position with Defendant if Defendant "paid [Plaintiff's] complete OT balance."

23.     In response to Plaintiff's text message, Bolduc informed Plaintiff that Defendant accepted his resignation effective immediately to which Plaintiff sent a reply text clarifying that he had not resigned but had merely raised the option of resignation in the context of potential settlement discussions for his overtime claims and expressed his continued effort to remain employed with Defendant.

24.     Following Plaintiff's text that he had not resigned from his employment but had merely expressed his desire to move forward with settlement of his overtime claims, Bolduc texted Plaintiff that "The decision has been made to terminate your employment effective immediately."

25.     Plaintiff believes and avers that he was really terminated because of his complaints regarding Defendant's overtime violations.

26.     Defendant's retaliatory termination of Plaintiff constitutes unlawful retaliation under the Fair Labor Standards Act ("FLSA").

27.     Shortly after Plaintiff's termination, in a belated effort to honor its state and federal wage and hour obligations, Defendant paid Plaintiff for 104.35 overtime hours, which is less than half of the overtime hours Plaintiff was actually owed at the time of his separation. Furthermore, Defendant's aforesaid partial payment of wages owed to Plaintiff does not obviate

the need for liquidated damages, as these damages are still owed for each and every penny of overtime he was not properly paid as mandated by applicable law.[1]

### Violations of the Fair Labor Standards Act ("FLSA")
### (Failure to Pay Overtime Wages & Retaliation)

28.    The foregoing paragraphs are incorporated herein as if set forth in full.

29.    At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the FLSA.

30.    The FLSA requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the employee's regular rate of pay for each overtime hour that the employee works in excess of 40 hours in a workweek.

31.    At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the FLSA.

32.    Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the FLSA.

---

[1] *See, e.g., Solis v. Min Fang Yang*, 345 Fed. Appx. 35, 38 (6th Cir. 2009)(affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory"); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "[d]ouble damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden"); *Haro v. City of Los Angeles*, 745 F.3d 1249, 1259 (9th Cir. 2014)(affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance; *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26, 35 (1st Cir. 2007)(affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 WL 864220, at *6(4th Cir. 2000)(affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 405 (7th Cir. 1999)(reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999)(affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

33.    Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

34.    During his employment with Defendant, Plaintiff expressly complained to Defendant's management regarding their failure to pay him overtime wages.    Defendant retaliated against Plaintiff by continually failing to pay him overtime hours and ultimately terminating Plaintiff in substantial part because of his complaints to Defendant regarding its failure to pay him overtime wages.

35.    As a result of Defendant's willful failure to pay Plaintiff the overtime compensation due him, Defendant violated the FLSA and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

36.    Any retaliation against Plaintiff for exercising his statutory rights to complain of unpaid overtime was *per se* unlawful. *See Kasten v. Saint-Gobain Performance Plastics Corp.*, 563 U.S. 1, 15 (2011) (it is illegal under the FLSA to retaliate against an employee for verbal <u>or</u> written concerns of unpaid overtime compensation).

## COUNT II
## <u>New Jersey Wage and Hour Law (NJ "WHL")</u>
### (Unpaid Overtime Wages)

37.    The foregoing paragraphs are incorporated herein as if set forth in full.

38.    At all times relevant herein, Defendant, has and continues to be, an "employer" within the meaning of the NJ WHL.

39.    At all times relevant herein, Plaintiff was a non-exempt "employee" within the meaning of the NJ WHL.

40.    The NJ WHL requires covered employers, such as Defendant, to minimally compensate their "non-exempt" employees, such as Plaintiff, at a rate of 1.5 times the

employee's regular rate of pay for each overtime hour that the employee works (*i.e.* hours in excess of 40 hours in a workweek).

41.     Defendant knew that Plaintiff was a "non-exempt" employee within the meaning of the NJ WHL.

42.     Defendant failed to pay Plaintiff proper overtime compensation for all hours that he worked over 40 hours in one week.

43.     As a result of Defendant's failure to pay Plaintiff the overtime compensation due him, Defendant violated the NJ WHL and caused Plaintiff to suffer damages in the form of unpaid overtime compensation.

## COUNT III
### Violations of the New Jersey Wage Payment Law ("NJ WPL")
### (Failure to Pay All Wages)

44.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

45.     During Plaintiff's employment with Defendant, Defendant failed to pay and/or illegally withheld wages from Plaintiff on several occasions.

46.     In fact, Defendant's management often times altered Plaintiff's hours to make it appear that he was working less hours on several of Plaintiff's paystubs, even though he was working well beyond 40 hours on all of these occasions. As a result, Plaintiff was not paid his base rate (or his overtime rate) for these hours.

47.     These actions as aforesaid constitute violations of the New Jersey Wage Payment Law.

**COUNT IV**
**Violations of the New Jersey Conscientious Employee Protection Act ("CEPA")**
**(Wrongful Termination - Retaliation)**

48.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

49.     Plaintiff had his hours reduced and was terminated in retaliation for several instances of engaging in protected activity by making complaints and/or for objecting to Defendant's unlawful pay practices in the workplace (discussed *supra*).

50.     These actions as aforesaid constitute violations of CEPA.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.     Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings and any other owed compensation. Plaintiff should be accorded those benefits illegally withheld from the date he first suffered legal violations at the hands of Defendant until the date of verdict;

B.     Plaintiff is to be awarded liquidated and/or punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employers from engaging in such misconduct in the future (and to compensate Plaintiff for lost use of income);

C.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate;

D.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law;

E.    Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to the Plaintiff in light of the caps on certain damages set forth in applicable federal law; and

F.    Plaintiff's claims are to receive trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:      _____
Ari R. Karpf, Esq.
3331 Street Road
Two Greenwood Square
Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 11, 2019

**EXHIBIT A**

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

PNC Bank, N.A.
6-12/410

**paylocity**

Check Date
July 20, 2017

Check Number
99

Payroll Check

Pay this amount: Three thousand one hundred seventy-five dollars and forty-nine cents **

****** 3,175.49

To the order of John Timothy Reeves
1124 Dorset Drive
Bushkill, PA 18324

Non Negotiable - This is not a check - Non Negotiable

Authorized Signature

### Trescal Inc.

**John Timothy Reeves**

**Earnings Statement**

| Employee ID | 836 | Fed Taxable Income | 4,324.86 | Check Date | July 20, 2017 | Check Number | 99 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 | Period Beginning | July 1, 2017 | Net Pay | 3,175.49 |
| Salary | | State Filing Status | S-0 | Period Ending | July 15, 2017 | Check Amount | 3,175.49 |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| Holiday | 8.00 | 304.00 | | 608.00 |
| Overtime | 21.00 | 1,197.00 | | 2,622.00 |
| Regular | 80.00 | 3,040.00 | | 26,488.18 |
| Gross Earnings | 109.00 | 4,541.00 | | 29,718.18 |

| Deductions | Amount | YTD |
|---|---|---|
| Exp Reimb | | -28.60 |
| Medical Ins | 216.14 | 216.14 |
| Vol Life Child | 1.00 | 1.00 |
| Vol Life Employee | 10.50 | 10.50 |
| Vol Life Spouse | 3.50 | 3.50 |
| Deductions | 231.14 | 202.54 |

| Taxes | Amount | YTD |
|---|---|---|
| FITW | 636.01 | 4,840.53 |
| MED | 62.71 | 427.77 |
| NJFLI-E | 0.00 | 0.00 |
| NJSDI-E | 34.74 | 227.35 |
| NJSUI-E | 0.00 | 0.00 |
| NJWD-E | 0.00 | 0.00 |
| NJWD-ES | 0.00 | 0.00 |
| PA | 132.77 | 905.70 |
| SS | 268.14 | 1,829.12 |
| Taxes | 1,134.37 | 8,230.47 |

| Direct Deposits Type | Account | Amount |
|---|---|---|
| No Direct Deposits | | |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 0.00 | 16.00 |
| Time Bank | 0.00 | 40.00 |
| Vacation | 0.00 | 80.00 |
| Voting | 0.00 | 2.00 |

Trescal Inc. | PO Box 559  Hartland, MI 48353 | | FEIN: 38-2716012 | NJ: 382-716-012/000

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

PNC Bank, N.A.
6-12/410

*paylocity*

Check Date
August 21, 2017

Check Number
99

Payroll Check

Pay this amount: Four thousand seventy-seven dollars and thirty-six cents ***************

****** 4,077.36

To the order of: John Timothy Reeves
1124 Dorset Drive
Bushkill, PA 18324

Non Negotiable - This is not a check - Non Negotiable

Authorized Signature

### Trescal Inc.

**John Timothy Reeves**

**Earnings Statement**

| | | | | |
|---|---|---|---|---|
| Employee ID | 836 | Fed Taxable Income | 5,673.86 | Check Date | August 21, 2017 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 | Period Beginning | August 1, 2017 |
| Salary | | State Filing Status | S-0 | Period Ending | August 15, 2017 |

| | | |
|---|---|---|
| Check Number | 99 |
| Net Pay | 4,077.36 |
| Check Amount | 4,077.36 |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| Holiday | | | | 608.00 |
| Overtime | 40.00 | 2,280.00 | 6,958.00 |
| Regular | 95.00 | 3,610.00 | 33,594.18 |
| **Gross Earnings** | **135.00** | **5,890.00** | **41,156.18** |

| Taxes | Amount | YTD |
|---|---|---|
| FITW | 973.26 | 6,701.55 |
| MED | 82.27 | 587.35 |
| NJFLI-E | 0.00 | 0.00 |
| NJSDI-E | 0.00 | 256.28 |
| NJSUI-E | 0.00 | 0.00 |
| NJWD-E | 0.00 | 0.00 |
| NJWD-ES | 0.00 | 0.00 |
| PA | 174.19 | 1,243.58 |
| SS | 351.78 | 2,511.48 |
| **Taxes** | **1,581.50** | **11,300.24** |

| Deductions | Amount | YTD |
|---|---|---|
| Exp Reimb | | -28.60 |
| Medical Ins | 216.14 | 648.42 |
| Vol Life Child | 1.00 | 3.00 |
| Vol Life Employee | 10.50 | 31.50 |
| Vol Life Spouse | 3.50 | 10.50 |
| **Deductions** | **231.14** | **664.82** |

| Direct Deposits Type | Account | Amount |
|---|---|---|
| No Direct Deposits | | |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 0.00 | 16.00 |
| Time Bank | 0.00 | 40.00 |
| Vacation | 0.00 | 80.00 |
| Voting | 0.00 | 2.00 |

Trescal Inc. | PO Box 559  Hartland, MI 48353 | | FEIN: 38-2716012 | NJ: 382-716-012/000

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

Direct Deposit Advice



| | Check Date | Voucher Number |
|---|---|---|
| | November 6, 2017 | 995 |

DIRECT DEPOSIT VOUCHER

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 3,242.38 |
| NAVY FEDERAL CREDIT | C | ***6702 | 1,100.00 |
| **Total Direct Deposits** | | | **4,342.38** |

John Timothy Reeves
1124 Dorset Drive

## Non Negotiable - This is not a check - Non Negotiable

## Non Negotiable - This is not a check - Non Negotiable

### Trescal Inc.

**John Timothy Reeves**

Earnings Statement

| | | | |
|---|---|---|---|
| Employee ID | 836 | Fed Taxable Income | 6,086.16 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 |
| Hourly | $38.00 | State Filing Status | S-0 |

| | |
|---|---|
| Check Date | November 6, 2017 |
| Period Beginning | October 16, 2017 |
| Period Ending | October 31, 2017 |

| | |
|---|---|
| Voucher Number | 995 |
| Net Pay | 4,342.38 |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| Holiday | | | | 912.00 |
| Overtime | 57.00 | 40.40 | 2,302.80 | 22,252.80 |
| Regular | 38.00 | 105.25 | 3,999.50 | 50,247.68 |
| **Gross Earnings** | | 145.65 | 6,302.30 | 73,412.48 |

| Taxes | | Amount | YTD |
|---|---|---|---|
| FITW | | 1,076.33 | 12,277.92 |
| MED | | 88.25 | 1,039.39 |
| NJFLI-E | | 0.00 | 0.00 |
| NJSDI-E | | 0.00 | 256.28 |
| NJSUI-E | | 0.00 | 0.00 |
| NJWD-E | | 0.00 | 0.00 |
| NJWD-ES | | 0.00 | 0.00 |
| PA | | 186.85 | 2,200.68 |
| SS | | 377.35 | 4,444.37 |
| **Taxes** | | **1,728.78** | **20,218.64** |

| Deductions | Amount | YTD |
|---|---|---|
| Exp Reimb | | -28.60 |
| Medical Ins | 216.14 | 1,729.12 |
| Vol Life Child | 1.00 | 8.00 |
| Vol Life Employee | 10.50 | 84.00 |
| Vol Life Spouse | 3.50 | 28.00 |
| **Deductions** | **231.14** | **1,820.52** |

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 3,242.38 |
| NAVY FEDERAL CREDIT UNION | C | ***6702 | 1,100.00 |
| **Total Direct Deposits** | | | **4,342.38** |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 0.00 | 24.00 |
| Time Bank | 0.00 | 18.00 |
| Vacation | 0.00 | 48.00 |
| Voting | 0.00 | 2.00 |

Trescal Inc. | PO Box 559  Hartland, MI 48353 |  | FEIN: 38-2716012 | NJ: 382-716-012/000

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

Direct Deposit Advice

Check Date
May 4, 2018


*paylocity*

Voucher Number
5784

DIRECT DEPOSIT VOUCHER

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 2,064.65 |
| NAVY FEDERAL CREDIT | C | ***6702 | 1,100.00 |
| Total Direct Deposits | | | 3,164.65 |

John Timothy Reeves
1124 Dorset Drive
Bushkill, PA 18324

## Non Negotiable - This is not a check - Non Negotiable

## Non Negotiable - This is not a check - Non Negotiable

### Trescal Inc.

**John Timothy Reeves**                                                                              **Earnings Statement**

| | | | | | | |
|---|---|---|---|---|---|---|
| Employee ID | 836 | Fed Taxable Income | 4,138.64 | Check Date | May 4, 2018 | Voucher Number 5784 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 | Period Beginning | April 16, 2018 | Net Pay 3,164.65 |
| Hourly | $38.00 | State Filing Status | S-0 | Period Ending | April 30, 2018 | |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| 401K Matc | | 0.00 | 139.97 | 491.43 |
| Floating H | | | | 912.00 |
| GROUP TE | | 0.00 | 1.50 | 12.00 |
| Holiday | | | | 912.00 |
| Overtime | 57.00 | 20.52 | 1,169.64 | 10,014.33 |
| Regular | 38.00 | 92.00 | 3,496.00 | 27,268.42 |
| Time Bank | | | | 152.00 |
| Vacation | | | | 456.00 |
| Gross Earnings | | 112.52 | 4,667.14 | 39,726.75 |

| Taxes | | | Amount | YTD |
|---|---|---|---|---|
| FITW | | | 465.92 | 4,448.72 |
| MED | | | 64.07 | 544.07 |
| NJFLI-E | | | 0.00 | 30.32 |
| NJSDI-E | | | 0.00 | 64.03 |
| NJSUI-E | | | 0.00 | 128.90 |
| NJWD-E | | | 0.00 | 9.93 |
| NJWD-ES | | | 0.00 | 5.90 |
| PA | | | 135.60 | 1,151.55 |
| SS | | | 273.95 | 2,326.37 |
| Taxes | | | 939.54 | 8,709.79 |

| Deductions | Amount | YTD |
|---|---|---|
| 401K | 279.94 | 982.87 |
| Bundled Legal & ID | 16.95 | 135.60 |
| GROUP TERM LIFE - FLAT AM | 1.50 | 12.00 |
| Medical Ins | 248.56 | 2,204.62 |
| Vol Life Child | 1.00 | 9.00 |
| Vol Life Employee | 11.25 | 100.50 |
| Vol Life Spouse | 3.75 | 33.50 |
| Deductions | 562.95 | 3,478.09 |

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 2,064.65 |
| NAVY FEDERAL CREDIT UNION | C | ***6702 | 1,100.00 |
| Total Direct Deposits | | | 3,164.65 |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 0.00 | 16.00 |
| Time Bank | 4.00 | 36.00 |
| Vacation | 12.00 | 108.00 |
| Voting | 0.00 | 0.00 |

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

Direct Deposit Advice



Check Date
June 5, 2018

Voucher Number
6632

DIRECT DEPOSIT VOUCHER

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 2,069.88 |
| NAVY | C | ***6702 | 1,100.00 |
| FEDERAL | | | |
| CREDIT | | | |
| **Total Direct Deposits** | | | **3,169.88** |

John Timothy Reeves
1124 Dorset Drive
Bushkill, PA 18324

## Non-Negotiable - This is not a check - Non Negotiable

## Non Negotiable - This is not a check - Non Negotiable

### Trescal Inc.

**John Timothy Reeves**                                                                                                **Earnings Statement**

| | | | | | | |
|---|---|---|---|---|---|---|
| Employee ID | 836 | Fed Taxable Income | 4,146.50 | Check Date | June 5, 2018 | Voucher Number | 6632 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 | Period Beginning | May 16, 2018 | Net Pay | 3,169.88 |
| Hourly | $38.00 | State Filing Status | S-0 | Period Ending | May 31, 2018 | | |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| 401K Matc | | 0.00 | 140.22 | 762.69 |
| Floating H | | | | 912.00 |
| GROUP TE | | 0.00 | 1.50 | 15.00 |
| Holiday | 38.00 | 8.00 | 304.00 | 1,216.00 |
| Overtime | 57.00 | 10.00 | 570.00 | 11,769.24 |
| Regular | 38.00 | 100.00 | 3,800.00 | 33,652.42 |
| Time Bank | | | | 152.00 |
| Vacation | | | | 1,064.00 |
| **Gross Earnings** | | **118.00** | **4,675.50** | **48,771.66** |

| Taxes | | Amount | YTD |
|---|---|---|---|
| FITW | | 467.65 | 5,320.72 |
| MED | | 64.19 | 668.01 |
| NJFLI-E | | 0.00 | 30.32 |
| NJSDI-B | | 0.00 | 64.03 |
| NJSUI-E | | 0.00 | 128.90 |
| NJWD-E | | 0.00 | 9.93 |
| NJWD-ES | | 0.00 | 5.90 |
| PA | | 135.86 | 1,413.87 |
| SS | | 274.47 | 2,856.33 |
| **Taxes** | | **942.17** | **10,498.01** |

| Deductions | Amount | YTD |
|---|---|---|
| 401K | 280.44 | 1,525.38 |
| Bundled Legal & ID | 16.95 | 169.50 |
| GROUP TERM LIFE - FLAT AM | 1.50 | 15.00 |
| Medical Ins | 248.56 | 2,701.74 |
| Vol Life Child | 1.00 | 11.00 |
| Vol Life Employee | 11.25 | 123.00 |
| Vol Life Spouse | 3.75 | 41.00 |
| **Deductions** | **563.45** | **4,586.62** |

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 2,069.88 |
| NAVY | C | ***6702 | 1,100.00 |
| FEDERAL | | | |
| CREDIT | | | |
| UNION | | | |
| **Total Direct Deposits** | | | **3,169.88** |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 0.00 | 16.00 |
| Time Bank | 4.00 | 36.00 |
| Vacation | 28.00 | 92.00 |
| Voting | 0.00 | 0.00 |

**Trescal Inc.**
PO Box 559
Hartland, MI 48353

Direct Deposit Advice



Check Date
November 20, 2018

Voucher Number
11288

DIRECT DEPOSIT VOUCHER

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 1,962.96 |
| NAVY | C | ***6702 | 1,100.00 |
| FEDERAL CREDIT | | | |
| **Total Direct Deposits** | | | **3,062.96** |

John Timothy Reeves
1124 Dorset Drive
Bushkill, PA 18324

## Non Negotiable - This is not a check - Non Negotiable

## Non Negotiable - This is not a check - Non Negotiable

### Trescal Inc.

**John Timothy Reeves**                                   **Earnings Statement**

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Employee ID | 836 | Fed Taxable Income | 3,985.94 | Check Date | November 20, 2018 | Voucher Number | | 11288 |
| Location | 1200006-12006-5 | Fed Filing Status | M-0 | Period Beginning | November 1, 2018 | Net Pay | | 3,062.96 |
| Hourly | $38.00 | State Filing Status | S-0 | Period Ending | November 15, 2018 | | | |

| Earnings | Rate | Hours | Amount | YTD |
|---|---|---|---|---|
| 401K Matc | | 0.00 | 135.10 | 2,224.75 |
| Floating H | | | | 1,216.00 |
| GROUP TE | | 0.00 | 1.50 | 31.50 |
| Holiday | | | | 1,824.00 |
| Overtime | 57.00 | 10.67 | 608.19 | 22,058.43 |
| Regular | 38.00 | 98.50 | 3,743.00 | 69,505.42 |
| Time Bank | | | | 152.00 |
| Vacation | 38.00 | 4.00 | 152.00 | 2,736.00 |
| **Gross Earnings** | | **113.17** | **4,504.69** | **97,523.35** |

| Taxes | | | Amount | YTD |
|---|---|---|---|---|
| FITW | | | 432.33 | 9,985.43 |
| MED | | | 61.71 | 1,335.27 |
| NJFLI-E | | | 0.00 | 30.32 |
| NJSDI-E | | | 0.00 | 64.03 |
| NJSUI-E | | | 0.00 | 128.90 |
| NJWD-E | | | 0.00 | 9.93 |
| NJWD-ES | | | 0.00 | 5.90 |
| PA | | | 130.62 | 2,826.12 |
| SS | | | 263.87 | 5,709.42 |
| **Taxes** | | | **888.53** | **20,095.32** |

| Deductions | Amount | YTD |
|---|---|---|
| 401K | 270.19 | 4,449.49 |
| Bundled Legal & ID | 16.95 | 355.95 |
| Day Per Diem | | -20.00 |
| GROUP TERM LIFE - FLAT AM | 1.50 | 31.50 |
| Medical Ins | 248.56 | 5,435.90 |
| Mileage | | -339.35 |
| Per Diem Overnight | | -360.00 |
| Vol Life Child | 1.00 | 22.00 |
| Vol Life Employee | 11.25 | 246.75 |
| Vol Life Spouse | 3.75 | 82.25 |
| **Deductions** | **553.20** | **9,904.49** |

| Direct Deposits | Type | Account | Amount |
|---|---|---|---|
| M & T Bank | C | ***6376 | 1,962.96 |
| NAVY | C | ***6702 | 1,100.00 |
| FEDERAL CREDIT UNION | | | |
| **Total Direct Deposits** | | | **3,062.96** |

| Time Off | Used | Availabl |
|---|---|---|
| Float | 8.00 | 8.00 |
| Time Bank | 4.00 | 36.00 |
| Vacation | 72.00 | 48.00 |
| Voting | 0.00 | 0.00 |